Cause No. 11F0746-202(B)    23,600-11

RECEIVED IN
COURT OF CRIMINAL APPEALS

Ex Parte                        In the State of Texas

Rejeinald D. Reece            Court of Criminal Appeals

Abel Acosta, Clerk

Response To The Trial Court's Order Recommending Denial of Applicant's Application for Habeas Corpus,

Comes Now the Above-Named Application in his Cause And in his response to the trial Court's statement that his Application for Writ of Habeas Corpus, was Convoluted And difficult to decipher And that the time he spent in the Custody of Another in this Cause Was Not Continuous.

The Applicant Will show this Honorable Court by Clear & Concise language/evidence in his response to the trial Court's order, Why the Applicant is entitled to his (16) Months back Jail time Credit.

(A). The trial Court have tacitedly Conceded that the Applicant was arrested On August 21, 2011 On A Bowie County Warrant in "Said Cause" And have Correctly stated Cass County filed thet Charges on the Applicant While he was awaiting transfer to Bowie County, And A Warrant/hold was placed on the Applicant out of Bowie County, pending disposition of the Cass County Charge. Applicant was Sentence on March 12, 2012 on there About to 16 months State Jail And Bowie County

[1]

Never released the Warrant/hold. The Order went on to state the "Applicant Asserts that he is entitled to this time Credit (16) Months, he Served in the Custody of Another, the Warrant/hold is true And here is why;

(1) The trial Court makes the Proposition as the Grounds for it's ruling that the Applicant was "Released to the Streets" by CASS County, he is Not entitled to the (16) Months Jail time Credit he Spent in the Custody of Another in this Cause," Because the incarceration was Not Continious".

(2). The Applicant was Never "Released to the Streets" by CASS County, As the Trial Court based it's ruling on.

(3) On or About March 12, 2012 the Applicant was Sentence to (16) Months State Jail

(4) After the Applicant was Sentence, the CASS County Sheriff Dept, Jail Captain, Notified Bowie County Sheriff Office that the Applicant has been Sentence And Bowie County Could take Custody of the Applicant.

(5) On or About April 26, 2012 the Applicant was Transported to "Bradshaw State Jail Where he Would Remain Until Completion of the (16) Month Sentence, Because the Trial Court/Bowie County, failed to exercise due-dillengence to take Custody of the Applicant after repeated Phone Calls to Bowie County. ~~XXXXXX~~ ~~XXXXXXXXXXXXXXX~~ Bowie County Knew of the (2) disposition of the Case.

(6) It is the Practice of TDC to Notify Any State Agency that have An Active Warrant/hold, they have the Offender in their Custody And Inform them of his/her Pending Release date. Therefore, Bowie County, Tx was Notified once Again of the Applicant's Where-Abouts, failed however, to excercise due-dilligence to take Custody of the Applicant.

(7) After Serving (16) Months On December 21, 2012. Brad-Shaw State Jail, "Release Me to the Custody of the Miller County, (Texarkana) Arkansas Parole Supervision." (Applicant was on Parole in Arkansas)

(8) Applicant was then transported on December 21, 2012 to the Miller County Arkansas (Texarkana) Parole Office. After Meeting with his Parole Officer, Concerning Reinstatement of his Parole. "Applicant was Released to the Street" By the State of Arkansas Pardons And Parole Division on December 21, 2012

(9) since, Applicant was Never Released to the Streets" by Cass County, Tx As the Court's Ruiling Proposed, but remain Incarcerated under the Custody of Another, Since August 21, 2011- Therefore, his Incarceration under the Active Warrant/ hold that he was Arrested for in Cass County, Tx on August 21, 2011 was "Continious" And the Applicant is "Entitled" to his (16) Months Jail Back-time Credit in the Constructive Custody of Another.

(3)

(10) On January 2, 2013. Applicant, Was Re-Arrested in Bowie County, Tx for the Active Warrant/hold that he was Initially Arrested on August 21, 2011 In this Cause in CASS County, Tx (See Exhibit)

(11.) Moreover, If the Applicant Was "Released to the Streets" "Erroneously" Due to No fault of his own- Does Not Negate the fact that the (16) Months was "Continious" Applicant Broke No laws while Release. Therefore, he is Still entitled to the (16) Months he Served in the Constructive Custody of Another on the Warrant that the Applicant was Initially Arrested on in CASS County, Tx August 21, 2011

(12.) The Trial Court Also proposition this Honorable Court to deny his (ART. 11.07) Writ of Habeas Corpus on Procedual grounds.

(13). Trial Court have had these Verifiable facts stated herein before them When the Applicant file A Motion Nunc-Pro-tunc Seeking his (16) Months Jail Credit, Numberous letters Written to the Trial Court, And Knew that the Applicant was "Never Released to the Street" by CASS County, Tx AS the Trial Court Alleged. Trial Court, I believe only gave the Applicant 4 or 5 days owe on 16 Months. Applicant done everything possible And the only Course left Available to Him was to file A Writ of Habeas Corpus. Under (ART. 11.07 CCp)

(14) Moreover, talking About not following Procedure. Applicant

(4)

Writ of Habeas Corpus (11.07) WAS filed Over (6) Months Ago And the only Reason the Trial Court made An Attempt to Answer WAS this Court's Order. Therefore, the trial Court is in No Position to Argue Proceduially.

(15) The Easy Verifiable facts Stated herein WAS Before the Court in his Writ of Habeas Corpus And other Motions And letter So there is Nothing Convoluted or difficult to Understand. Trial Court/Bowie County, Tx Knew the Where Abouts of the Applicant-Because County And State Agency's that held the Applicant in their Constructive Custody Notified them of Such.

Wherefore, Applicant prays that this Honorable Court Grant his Writ of Habeas Corpus (ART. 11.07 CCP) And give Him the Relief Cited therein Credit of (16) months Served in the Custody of Another Under A Bowie County Warrant/hold From August 21, 2011 to December 21, 2012 In this CAuse.

Reginald D. Reece
# 1857130

To the best of his Applicant States that these ~~fact that~~ Verifiable fact that are Stated herein is True And Correct So help him God.

Reginald D. Reece
9/7/15

(5)

9/7/15

Dear Mr. Abel Acosta, Clerk

Please find enclosed herein Applicant's Response to the Trial Court's Order Recommending Denial of his Writ of Habeas Corpus (11.07 ccp) in Trial ct No# 11F0746-202A, WR-23,600-11

Please file this Response in with the Aforementioned Case Number.

Your help And Cooperation this matter is Greatly Appreciated. With Kindest Personal Regards I Remain

Sincerely
Reginald D. Reece
2857130
Coffield Unit
1385 Fm 3328
Palestine, Tx 75803